OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Stanford.
[Cite as Disciplinary Counsel v. Stanford (1993),
Ohio St.3d    .]
Attorneys at law -- Misconduct -- Indefinite suspension -- Engaging in illegal conduct involving moral turpitude -- Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation -- Engaging in conduct that adversely reflects on fitness to practice law -- Conviction of bank fraud.
(No. 92-2169 -- Submitted January 6, 1993 -- Decided March 3, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91-52.

On December 10, 1991, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Byron Timothy Stanford, Attorney Registration No. 0015770, with one count of misconduct. The complaint alleged that respondent misappropriated funds from the real estate trust account of a real estate title company of which he was president and used the funds to cover overdrafts on his personal and business bank accounts. He then covered the misappropriation with further overdrafts from his personal accounts, and, in turn, made further misappropriations from the trust account.

According to the complaint, this kiting scheme went on between February and November 1990. In October 1990, respondent lost his job with the title company. When the trust account was made whole, respondent's bank had been defrauded in the amount of $498,000.

Respondent pled guilty to and was convicted of bank fraud in federal district court, and, on August 9, 1991, was sentenced to eighteen months' imprisonment and two years' probation. He made full restitution before pleading guilty.

Because of the felony conviction, respondent was indefinitely suspended from the practice of law on September 18, 1991.

Respondent admitted the facts stated in the complaint in his answer, and later stipulated to them.

A panel of the Board of Commissioners on Grievances and

Discipline of the Supreme Court considered the evidence and heard the testimony of respondent, his wife, and his father. Essentially, respondent explained that he misappropriated the trust funds and originated the kiting scheme to cover losses incurred from dubious business ventures he had entered into. Respondent's father testified that he and respondent's mother had borrowed about $340,000 to help respondent make restitution.  Respondent borrowed another $172,000.

The panel concluded that respondent violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in other conduct that adversely reflects on the fitness to practice law).  Citing respondent's appearance of genuine remorse, the panel recommended that he be indefinitely suspended from the practice of law in Ohio with no credit for time already served under suspension.

The board adopted the findings and recommendation of the panel and also recommended that costs be taxed to respondent.

J. Warren Bettis, Disciplinary Counsel, and Dianna L. Chesley, Assistant Disciplinary Counsel, for relator.

George D. Jonson, for respondent.

Per Curiam.  We concur in the findings and recommendation of the board.  Respondent's crime was a serious breach of trust.  However, the record indicates remorse, and we believe there may be potential for rehabilitation.  Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio without credit for time previously spent under suspension.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.